UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AARON DODD, | ) |
| Petitioner, | ) |
| v. | ) Civil Case No. 25-12755-KAR |
| DEVENS FEDERAL MEDICAL CENTER, | ) |
| Respondent. | ) |

## ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION

ROBERTSON, U.S.M.J.

On September 8, 2025, petitioner Aaron Dodd, while in custody at FMC Devens, filed in *United States v. Dodd*, No. 18-CR-31-LEW-1 (D. Me) a letter that (1) alleges that his housing placement hampers his ability for rehabilitation and preparation for release and (2) seeks a 42-day time credit for time spent in a rehabilitation facility.  *See* Docket No. 1.  Dodd states that he has "2 months left of [his] sentence." *Id.* at 1.  Finding that Dodd is challenging his placement, the conditions of confinement and calculation of sentence, that court construed the letter as a habeas corpus motion pursuant to 28 U.S.C. 2241 and ordered the matter transferred to this district, *see* Docket No. 1-1, and the matter was randomly assigned.  Docket No. 2.

The Inmate Locator search of the Bureau of Prisons ("BOP") website shows that Dodd is "[n]ot in BOP Custody as of 10/27/2025." *See* https://www.bop.gov/inmateloc/ (last visited 12/8/2025).  In light of Dodd's apparent release from BOP custody, it appears that this action is now moot.

The Court directs the case to be returned to the Clerk's Office for REASSIGNMENT to a District Judge for further proceedings and RECOMMENDS that the District Judge DISMISS this action.[1]

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED: December 22, 2025

---

[1] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir.1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 604 (1st Cir.1980). *See also Thomas v. Arn*, 474 U.S. 140, 154–55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.